IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| VERITA GILL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No.  CV-07-812-HU |
| v. ) | |
| ) | |
| COMMISSIONER of Social ) | |
| Security, ) | FINDINGS & RECOMMENDATION |
| ) | |
| Defendant. ) | |

Tim Wilborn
WILBORN LAW OFFICE, P.C.
19093 S. Beavercreek Road, PMB #314
Oregon City, Oregon 97045

    Attorney for Plaintiff

Karin J. Immergut
UNITED STATES ATTORNEY
District of Oregon
BRITANNIA I. HOBBS
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, Oregon 97204-2902

/ / /

/ / /

/ / /

/ / /

1 - FINDINGS & RECOMMENDATION

David F. Morado
REGIONAL CHIEF COUNSEL
Leisa A. Wolf
SPECIAL ASSISTANT UNITED STATES ATTORNEY
Social Security Administration
Office of the General Counsel
701 5th Avenue, Suite 2900 M/S 901
Seattle, Washington 98104-7075

HUBEL, Magistrate Judge:

Plaintiff Verita Gill brought an action for judicial review of the Commissioner's final decision to deny supplemental security income (SSI). On August 6, 2008, this Court issued a Judgment reversing and remanding for an award of benefits.

Plaintiff now seeks attorney's fees pursuant to the Equal Access to Judgment Act, 28 U.S.C. § 2412 (EAJA). Defendant objects to the amount of fees requested. I recommend that the motion for EAJA fees be granted in part and denied in part.

EAJA requires an award of attorney's fees to prevailing parties in civil actions against the United States unless the position of the United States was substantially justified. 28 U.S.C. § 2412(d)(1)(A). Defendant concedes that plaintiff is the prevailing party and that the government's position was not substantially justified. Deft's Resp. at p. 2. I agree.

The sole issue raised in the briefing is the reasonableness of the hours expended and sought by plaintiff's counsel. In support of the motion, plaintiff submits time records showing a total of 58.17 hours spent on the case, with 24.25 hours spent by lead counsel Tim Wilborn, and 33.92 hours spent by Georgia attorney Jeffrey Narvil.

The court exercises discretion in awarding fees under EAJA. See Rodriguez v. United States, 542 F.3d 704, 709 (9th Cir. 2008)

2 - FINDINGS & RECOMMENDATION

(court of appeals reviews district court award of fees under EAJA for abuse of discretion); see also Webb v. Ada County, 195 F.3d 524, 526 (9th Cir. 1999) (district court possesses "considerable discretion" in determining the reasonableness of a fee award). The fee award is a combination of the number of hours reasonably worked, multiplied by a reasonable hourly rate. Webb, 195 F.3d at 526.

Moreover, even absent specific objections by the opposing party, the court has an independent duty to scrutinize a fee request to determine its reasonableness. Gates v. Deukmejian, 987 F.2d 1392, 1401 (9th Cir. 1993); see also Poole v. Textron, Inc., 192 F.R.D. 494, 508 (D. Md. 2000) (because the award must be reasonable, it is incumbent on the district court to subject the request to an independent review to "insure that the time expended . . . was not excessive to the task and [to consider] the hourly rate charged in light of fees charged in the legal community for services of like kind and quality.").

As Judge Mosman noted in a 2007 opinion, "[t]here is some consensus among the district courts that 20-40 hours is a reasonable amount of time to spend on a social security case that does not present particular difficulty." Harden v. Commissioner, 497 F. Supp. 2d 1214, 1215 (D. Or. 2007) (citing cases). Judge Mosman agreed that absent unusual circumstances or complexity, "this range provides an accurate framework for measuring whether the amount of time counsel spent is reasonable." Id. at 1216.

While the administrative record in this case was fairly long at approximately 1,000 pages, plaintiff's lead counsel chose to hire a second attorney to work on the briefing, resulting in some

3 - FINDINGS & RECOMMENDATION

duplication of effort. Additionally, while the briefing was of good quality, none of the arguments raised was exceptionally complex or raised a novel legal issue. Rather, the arguments presented were typical of those raised in many social security appeals: problems with vocational evidence, improper rejection of plaintiff's testimony, improper rejection of medical evidence, errors in a substance abuse materiality analysis, a failure to consider GAF scores, and errors in considering medical non-compliance.

Accordingly, nothing in this case justifies a total number of hours more than the high end of the range identified by Judge Mosman and other courts. I conclude that 40 hours of time was reasonable.

EAJA sets a ceiling of $125 per hour "unless the court determines that an increase in the cost of living . . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). To adjust for the cost of living, the Ninth Circuit applies the consumer price index for all urban consumers (CPI-U). Jones v. Espy, 10 F.3d 690, 692-93 (9th Cir. 1993) (CPI-U for all items, not just legal services, applies). The CPI-U for October 2008 (the most recent month for which information is available) is 217.5 (table available at: http://www.bls.gov/cpi/cpid0810.pdf). The adjusted hourly rate is $174.61. See Ramon-Sepulveda v. INS, 863 F.2d 1458, 1463 n.4 (9th Cir. 1988) (explaining formula as EAJA ceiling (presently $125/hour), x the CPI-U for current month/CPI-U for month Congress adopted current ceiling. 155.7 is the CPI-U for March 1996, the month Congress adopted the $125/hour rate).

Forty hours multiplied by $174.61 produces a total EAJA fee

4 - FINDINGS & RECOMMENDATION

award of $6,984.40.

## CONCLUSION

I recommend that the motion for EAJA fees (#24) be granted in part and denied in part, and that plaintiff's counsel be awarded $6,984.40 in fees.

## SCHEDULING ORDER

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due December 29, 2008. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date.

If objections are filed, a response to the objections is due January 12, 2009, and the review of the Findings and Recommendation will go under advisement on that date.

IT IS SO ORDERED.

DATED this  10th  day of  December , 2008.

 /s/ Dennis James Hubel 
Dennis James Hubel
United States Magistrate Judge

5 - FINDINGS & RECOMMENDATION